**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FREITEZ LOPEZ WITER ELOY, | Case No. 1:26-cv-1236 KES SAB (HC) |
| Petitioner, | A No. 241435045 |
| v. | ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS, TERMINATING MOTION FOR A TEMPORARY RESTRAINING ORDER AS MOOT, AND DIRECTING RESPONDENTS TO PROVIDE AN INDIVIDUALIZED BOND HEARING |
| WARDEN OF THE CALIFORNIA CITY DETENTION CENTER, et al., | |
| Respondents. | ORDER DIRECTING THE CLERK OF COURT TO ENTER JUDGMENT IN FAVOR OF PETITIONER |
| | Docs. 1, 2. |

Freitez Lopez Witer Eloy is an immigration detainee proceeding with a petition for writ of habeas corpus and motion for temporary restraining order. Docs. 1, 2. Petitioner asserts that he has suffered violations of his due process rights due to prolonged detention without a bond hearing, and he requests that the Court order Respondents to release him or provide a bond hearing. *Id.*; *see also* Doc. 16. For the reasons set forth below, the petition is **GRANTED**.[1]

---

[1] As the Court grants the requested habeas relief by ordering a bond hearing, the motion for a temporary restraining order is terminated as moot.

1

## I.    BACKGROUND

Petitioner is a citizen of Venezuela.  Doc. 15-1 at 1.  On October 27, 2024, Petitioner entered the United States at the San Ysidro Port of Entry, with a CBP appointment, and requested asylum.  *Id.* at 1-2.  Petitioner was detained at the border, and he is currently detained in respondents' custody at the California City Corrections Center.  Doc. 2 at 2.  He asserts that he has been detained pursuant to 8 U.S.C. § 1225(b)(2) for approximately 16 months without a bond hearing.  *Id.*; *see also* Doc. 16 at 1.

Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 and a motion for temporary restraining order.  Docs. 1, 2.  Petitioner challenges his prolonged immigration detention without a bond hearing as a violation of due process.  Doc. 1 at 7; Doc. 16 at 2-5.  Petitioner contends that "[r]espondents should be ordered to provide petitioner with a bond hearing before an immigration judge within seven (7) days from the date of service of the order."  Doc. 16 at 5-6.

Respondents filed an opposition to the motion for temporary restraining order and an answer to the petition for writ of habeas corpus.  Doc. 15.  Respondents contend, "[p]etitioner is an 'applicant for admission' pending determination of his asylum application."  *Id.* at 4.  Respondents assert that "[p]etitioner is subject to mandatory detention" under 8 U.S.C. § 1225(b)(1)(B)(ii).  *Id.* at 4, 9; *see also id.* at 4-8.  Respondents argue that the Court should deny the request for injunctive relief and the habeas petition.  *Id.* at 9.

## II.    LEGAL STANDARDS

The Constitution guarantees that "the writ of habeas corpus [is] available to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).

A writ of habeas corpus is a critical check upon the executive power, ensuring that individuals are not detained "except in accordance with law."  *Hamdi*, 542 U.S. at 525 (citing *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001)).  The "traditional function of the writ is to secure

release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). The district court has jurisdiction over challenges to immigration-related detention—such as those made by petitioner—pursuant to 28 U.S.C. § 2241. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001) (citing 28 U.S.C. § 2241(c)(3)).

### III.    DISCUSSION AND ANALYSIS

Petitioner argues that his 16-month detention without a bond hearing violates the due process clause. Doc. 1 at 6. The due process clause of the Fifth Amendment prohibits the government from depriving an individual of life, liberty, or property without due process of law. *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). The due process cause applies to all "persons" within the borders of the United States, regardless of immigration status. *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) ("the Due Process Clause applies to all 'persons' within the United States … whether their presence here is lawful, unlawful, temporary, or permanent").

This Court, and numerous district courts, have determined that the unreasonably prolonged detention of individuals such as petitioner without a bond hearing under section 1225(b), pending removal proceedings, violates the due process clause. *See, e.g., Harun Mohammed v. Warden of the Cal. City Det. Ctr.*, 2026 WL 192368, at *2-4 (E.D. Cal. Jan. 26, 2026) (considering a detainment period of 17 months); *Abubakar Abdul-Samed v. Warden of the Golden State Annex Det. Facility*, 2025 WL 2099343, at *6 (E.D. Cal. July 25, 2025) ("essentially all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, will—at some point—violate the right to due process") (citation omitted); *Rowe v. Archambeault*, 2026 WL 879487, at *4 (S.D. Cal. Mar. 31, 2026) ("prolonged detention under § 1225(b) without a bond hearing can eventually give rise to due process issues"); *see also Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1116 (W.D. Wash. 2019) (collecting cases).

#### A.    Procedural Due Process

To determine whether Petitioner's due process rights have been violated, the Court must answer two questions: "the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation

3

of that protected liberty interest accords with the Constitution." *Garcia v. Andrews*, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025); *see also Mohammed*, 2026 WL 192368, at *3 (same).

First, Petitioner asserts he possesses a liberty interest in securing his freedom from detention. Doc. 16 at 4. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Petitioner was detained in October 2024 and has remained in custody for approximately 17 months. Doc. 2 at 2. As petitioner has been deprived of the liberty secured by the due process clause—which will continue for an unidentified and indefinite period—petitioner has established a clear liberty interest. *See Zadvydas*, 533 U.S. at 690, 693; *see also Mohammed*, 2026 WL 192368, at *3 (finding a petitioner detained for 17 months under Section 1225(b) had "a clear liberty interest" under the due process clause).

Second, the Court must consider if the duration of petitioner's detention has become unreasonable. *Garcia*, 2025 WL 1927596, at *2; *Mohammed*, 2026 WL 192368, at *3. To determine whether a petitioner's detention is unreasonable, the Court considers "the total length of detention to date, the likely duration of future detention, and the delays in the removal proceedings caused by the petitioner and the government." *Lopez v. Garland*, 631 F. Supp. 3d 870, 879 (E.D. Cal. 2022). Although *Lopez* identified these factors in evaluating a detention under Section 1226(c), the same factors are appliable in evaluating a detention under Section 1225(b).[2] *See Mohammed*, 2026 WL 192368, at *3 (finding the "considerations identified are relevant to the due process analysis" under Section 1225(b), and applying the *Lopez* test); *see also Bobokulov Akmal v. Warden of Cal. City Det.*, 2026 WL 657606, at *6 (E.D. Cal. Mar. 9, 2026) (applying the test enumerated in *Lopez* to a prolonged detention claim under § 1225(b)(1));

---

[2] Courts in the Ninth Circuit have enumerated other factors to evaluate whether procedural due process requires a bond hearing in a case of prolonged detention under § 1225(b)(1). For example, in *Banda*, the Western District of Washington identified six factors to determine whether prolonged detention violates the due process clause, including: "(1) the total length of detention to date; (2) the likely duration of future detention; (3) the conditions of detention; (4) delays in the removal proceedings caused by the detainee; (5) delays in the removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal." *Id.*, 385 F. Supp. 3d at 1118. The Court acknowledges other district courts have followed this test. However, the *Lopez* test is "in essence a truncated version of the factors enumerated in *Banda*." *Doe v. Andrews*, 2026 WL 797694, at *10 (E.D. Cal. Mar. 22, 2026). The considerations under both formulations are similar.

4

*Lebedev v. Warden of Golden State Annex*, 2026 WL 482733, at \*5-8 (E.D. Cal. Feb. 20, 2026) (same).

### 1.   Total length of detention

The length of detention "is the most important factor." *Lopez*, 631 F. Supp. 3d at 882 (quoting *Banda*, 385 F. Supp. 3d at 1118). When detention continues beyond a year, "courts become extremely wary of permitting continued custody absent a bond hearing." *Gonzalez v. Bonnar*, 2019 WL 330906, at \*3 (N.D. Cal. Jan. 25, 2019) (quoting *Muse v. Sessions*, 409 F. Supp. 3d 707, 716 (D. Minn. 2018)).

It is undisputed that Petitioner has remained detained for 17 months.  This duration, without a bond hearing, supports finding his continued detention unreasonable.  *See, e.g., Black v. Decker*, 103 F.4th 133, 138 (2d Cir. 2024) (affirming district court judgment ordering bond hearing for petitioner detained seven months); *Mohammed*, 2026 WL 192368, at \*3 (finding a 17-month detention "far exceeds that other courts have found warrant a bond hearing under the Due Process Clause"); *R.M. v. Warden of the Golden State Annex ICE Det. Facility*, 2026 WL 836322, at \*5 (E.D. Cal. Mar. 26, 2026) (detention "for nearly twelve months with no end currently in site" weighed in favor of finding a due process violation).

### 2.   Likely duration of future detention

The Court must also consider "how long the detention is likely to last." *Lopez*, 631 F. Supp. 3d at 881 (citation omitted).  "[When] removal proceedings are unlikely to end soon, this suggests that continued detention without a bond hearing is unreasonable." *Id.* (quoting *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 211 (3d Cir. 2020)).  There is no evidence before the Court suggesting that Petitioner's removal proceedings are likely "to end soon."  Respondents do not identify any end date for petitioner's detention—he essentially faces indefinite detention pending review of his asylum claim.  Petitioner may appeal an adverse asylum finding to the Board of Immigration Appeals and seek judicial review by the Ninth Circuit, and such processes may take a prolonged time.  *See Banda,* 385 F. Supp. 3d at 1119 (weighing in favor of petitioner on this factor because his asylum application was pending review by the BIA and noting that this process may take up to two years or longer); *Abdul-*

*Samed v. Warden of Golden State Annex Det. Facility,* 2025 WL 2099343, at *7 (E.D. Cal. July 25, 2025) ("Petitioner's possible administrative appeal and judicial review by the Ninth Circuit will be sufficiently lengthy such that this factor weighs in favor of Petitioner").  In similar circumstances, courts have weighed this factor in favor of the petitioners.  *See, e.g., Loba L.M. v. Andrews,* 2025 WL 2939178, at *6 (E.D. Cal. Oct. 16, 2025), *adopted,* 2025 WL 3187577 (E.D. Cal. Nov. 14, 2025); *Rowe,* 2026 WL 879487, at *4.  This factor supports finding that petitioner's detention is unreasonable.

### 3.      Delays in removal proceedings

In evaluating any delays, "the operative question should be whether the alien has been the cause of delayed immigration proceedings and, where the fault is attributable to some entity other than the alien, the factor will weigh in favor of concluding that continued detention without a bond hearing is unreasonable." *Doe v. Andrews*, 2025 WL 2590392, at *8 (E.D. Cal. Sept.8, 2025) (citation omitted).  Petitioner reports his court appearance "has been postponed 3 times without any reason" and "the government keep[s] pushing [the] court date."  Doc. 1 at 7. Although petitioner was scheduled to have a court hearing after he filed the petition, it is unclear whether the hearing was again continued.[3]  There is no information before the Court suggesting that these delays may be attributed to petitioner.  Accordingly, this factor weighs in favor of finding that the detention duration is unreasonable.

### 4.      Weighing interests

Weighing the interests of petitioner and the government also supports granting habeas relief.  *See Lopez*, 631 F. Supp. 3d at 878 (citing *Mathews v. Eldridge*, 424 U.S. 319, 334 (1976)). While the government has a strong interest in enforcing immigration laws, ensuring the presence of noncitizens at their removal proceedings, and protecting the public from danger, the

---

[3] In his reply brief, petitioner reported that he was to have a hearing on March 3, 2026.  Doc. 16 at 2.  The website for the Executive Office for Immigration Review ("EOIR") now indicates a hearing is set for April 8, 2026.  *See https://acis.eoir.justice.gov/en/caseInformation* (last visited April 3, 2026). The Court takes judicial notice of this EOIR case information pursuant to Fed. R. Evid. 201(b)-(c); *see also Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1033 (C.D. Cal. 2015) ("Under Rule 201, the court can take judicial notice of public records and government documents available from reliable sources on the Internet, such as websites run by governmental agencies") (internal quotation marks omitted).

governmental interest at stake is not the detention itself, but rather "the government's ability to detain [petitioner] *without a bond hearing*." *Andrews*, 2025 WL 2590392, at *8 (emphasis in original, citation omitted). This interest in detaining Petitioner without providing a bond hearing is low. *Id.* (citing *Henriquez v. Garland*, 2022 WL 2132919, at *5–6 (N.D. Cal. June 14, 2022). The Court finds the identified governmental interest is outweighed by the length of detention to date, the likely extent of petitioner's future detention, and the delays in petitioner's immigration proceedings. *See Andrews*, 2025 WL 2590392, at *8 (finding length of past detention and likely future detention alone outweighed government's interests).

### B. Remedy

The Court finds the appropriate remedy, as requested in the petition and reply, is an individualized bond hearing before an immigration judge. *See Lopez*, 631 F. Supp. 3d at 882 (identifying a bond hearing as the appropriate remedy, rather than release). At the hearing, the Government must establish "by clear and convincing evidence that an alien is a flight risk or a danger to the community to justify denial of bond." *Id.* (citations omitted).

## IV. CONCLUSION AND ORDER

For the reasons set forth above, the court **ORDERS**:

1. The petition for writ of habeas corpus is **GRANTED**.

2. Respondents are **ORDERED** to provide Petitioner, within seven (7) days of this Order, a constitutionally adequate bond hearing before an immigration judge. At this hearing, the government shall bear the burden of establishing, by clear and convincing evidence, that petitioner poses a danger to the community or a risk of flight, and petitioner shall be allowed to have counsel present. In the event Petitioner is determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond, the immigration judge shall consider petitioner's financial circumstances and alternative conditions of release.

3. Within fourteen (14) days from the date of this Order, respondents **SHALL** file a status report confirming that a bond hearing was held, providing the outcome of

that hearing, and providing an update as to petitioner's status.

4.      The motion for temporary restraining order (Doc. 2), and petitioner's request for a ruling (Doc. 20), are terminated as **MOOT**.

5.      The Clerk of Court is directed to terminate other pending matters, enter judgment in favor of petitioner and against the respondents, and close this case.

IT IS SO ORDERED.

Dated:    April 3, 2026

_____
UNITED STATES DISTRICT JUDGE

8